Stephen C. Ferlmann (SBN: 214881)
Chapter 7 Trustee
P.O. BOX 579375
1127 12th Street, Ste 202
MODESTO, CA 95357-9375
Tel: (209) 236-1311
Fax: (209) 236-1811

TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
## (Modesto Division)

In Re:

Richard Jess De Lany;
Jeani Sondra Jeanine De Lany

ssn:xxx-xx-0902; xxx-xxx-7157

Debtors.

Case No: 09-92132-D-7

Chapter 7 Case

DC No. SCF -1

Date: June 30, 2010
Time: 11:00 a.m
Place: 1200 I Street, Suite 4, Modesto, CA

## MOTION FOR AUTHORITY TO SELL NON- EXEMPT EQUITY
## IN PERSONAL PROPERTY TO DEBTORS

TO:   The Honorable Ronald H. Sargis, U.S Bankruptcy Judge:

The Chapter 7 Trustee, Stephen C. Ferlmann (the "Trustee") pursuant to 11 U.S.C §363(b) and Federal Rule of Bankruptcy Procedure 6004, respectfully moves the Court to sell to the Debtors' the non-exempt equity in certain personal property in exchange for a payment of $2,500.00, and in support respectfully represents:

   1.   This Court has jurisdiction of this matter under 28 U.S.C § 1334 and 157(a).

   2.   On July 9, 2009 the Debtors' filed a voluntary petition under Chapter 7 of the Bankruptcy Code, in the above entitled court; Stephen C. Ferlmann is the duly appointed Trustee in the case.

3. Among the assets of the Chapter 7 bankruptcy estate is the Debtors' interest in the following items (the "Property"), to which the Debtors' assign the following fair market values in their Bankruptcy Schedule B:

    a. Big Tex Utility Trailer . . . . . . . . . $ 2,200.00
    b. Big Tex Flat Bed Trailer . . . . . . . . <u>$ 1,100.00</u>
                           Total Value:      $ 3,300.00

4. The Trustee is informed and believes that the Property is unencumbered and that the Debtors have possession thereto. The Debtors' bankruptcy Schedule D reflects no lien or security interest claimed by any secured creditor in the Property. The Debtors have not claimed any exemption to Personal Property listed above.

5. The Debtors wish to retain the Property and desire to purchase the non-exempt equity in the Property from the bankruptcy estate.

6. Accordingly, the Trustee and the Debtors have entered into an Equity Sale Agreement (the "Agreement") which provides that the Debtors shall pay the bankruptcy estate the total cash sum of $2,500.00 (the "Purchase Amount") for the non-exempt equity in the Property. A copy of the Equity Sale Agreement is attached to the List of Exhibits filed concurrently herewith. The Agreement further provides that the Purchase Amount shall be non-exempt property of the Debtor's bankruptcy estate. Upon payment of the Purchase Amount, the Debtors shall be entitled to retain the Property and the Property shall cease being property of the bankruptcy estate.

7. 11 U.S.C. § 363(b)(1) authorizes a trustee, after notice and hearing, to sell property of the estate other than in the ordinary course of business.

8. The Trustee believes that the sale of the non-exempt equity in the Property to the Debtors is in the best interests of the estate and should be approved by the Court. The proposed equity sale is an equitable and expeditious manner of liquidating the Property by which the bankruptcy estate will eliminate risks, costs, and delays of liquidating such assets by way of public auction.

WHEREFORE, Trustee respectfully requests that the Court approve the Agreement, and authorize the Trustee to enter into the proposed sale of the non-exempt equity in the Property to the Debtors.

Dated: May 21, 2010

*Stephen C. Ferlmann*
Chapter 7 Bankruptcy Trustee

Motion For Authority To Sell Non-Exempt Equity In Personal Property To Debtors